IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1997 SESSION

FILED

September 19, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **JOE HENRY MOORE,** | ) | **C.C.A. No. 01C01-9608-CR-00383** |
| | ) | |
| Appellant, | ) | **DAVIDSON COUNTY** |
| | ) | |
| **VS.** | ) | **HON. ANN LACY JOHNS,** |
| | ) | **JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | **(POST-CONVICTION:** |
| Appellee. | ) | **DELAYED APPEAL)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**THOMAS F. BLOOM**                    **JOHN KNOX WALKUP**
500 Church Street                    Attorney General and Reporter
5th Floor
Nashville, TN 37219                    **MICHAEL J. FAHEY, II**
                                       Assistant Attorney General
                                       450 James Robertson Parkway
                                       Nashville, TN 37243-0493

                                       **VICTOR S. JOHNSON, III**
                                       District Attorney General

                                       **ROGER MOORE**
                                       Assistant District Attorney General
                                       Washington Sq., Ste. 500
                                       222 Second Avenue, N.
                                       Nashville, TN 37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

Appellant, Joe Henry Moore, appeals the summary dismissal of his motion for delayed appeal of his second petition for post-conviction relief. Finding no basis to grant the delayed appeal, we  AFFIRM  the dismissal of his motion.

**I**

Appellant was convicted in 1986 of first-degree murder and received a life sentence. The conviction and sentence were affirmed by this Court in 1987, and the Tennessee Supreme Court denied application for permission to appeal in 1988.

On January 3, 1989, appellant filed his first petition for post-conviction relief. The trial court denied relief on April 10, 1990, after an evidentiary hearing. No appeal was taken.  Appellant contends his attorney failed to appeal this dismissal or otherwise notify him of the dismissal.

Appellant then filed his second petition for post-conviction relief on May 20, 1993, requesting a delayed appeal of the denial of his first post-conviction petition. The basis for the petition was the alleged failure of his attorney to notify him of the prior dismissal or otherwise file an appeal on his behalf.  The second petition was dismissed on November 19, 1993, for failure to state a claim and having been filed beyond the statute of limitations.  Counsel was not appointed, nor did the appellant seek an appeal of this dismissal.

Appellant then filed his third petition for post-conviction relief on October 3, 1994, again requesting a delayed appeal of the dismissal of his first post-conviction relief petition.  This petition was dismissed by the trial court on July 11, 1995, after an evidentiary hearing.  The trial court found that the third petition related to the same subject matter contained in the second petition which was dismissed without an appeal.  Accordingly, the trial court determined that appellant's failure to appeal the dismissal of his second petition was fatal to his pursuit of the third petition.

On appeal from the dismissal of the third petition, this Court affirmed the judgment of the trial court.  We found that appellant's failure to appeal the denial of

2

his second petition constituted a "waiver" within the meaning of Tenn. Code Ann. § 40-30-112(b)(1)[repealed; now Tenn. Code Ann. § 40-30-206(g)(Supp. 1996)]. Joe Henry Moore v. State of Tennessee, C.C.A. No. 01C01-9601-CR-00009, Davidson County (Tenn. Crim. App. filed April 3, 1997, at Nashville).

On February 5, 1996, while the appeal on the denial of the third petition was pending, appellant filed a "Motion for Delayed Appeal" from the denial of his second post-conviction relief petition. On March 27, 1996, the trial court denied the motion. It is from this denial that the appellant brings this appeal.

## II

Firstly, we note that the sole basis alleged in the Motion for Delayed Appeal is the failure of the trial court to appoint legal counsel upon dismissing the second petition. The fact that appellant did not have an attorney does not excuse the failure to appeal.

Secondly, the Motion for Delayed Appeal, having been filed in February 1996, is controlled by the Post-Conviction Procedure Act of 1995. *See* Tenn. Code Ann. §40-30-201(Supp. 1996), Compilers Notes. A delayed appeal under these statutes is available only from the "original conviction." Tenn. Code Ann. § 40-30-213(Supp. 1996). In short, a delayed appeal pursuant to the post-conviction statutes is unavailable on an appeal from the denial of post-conviction relief.

We, therefore, AFFIRM the judgment of the trial court.

_____
JOE G. RILEY, JUDGE

3

CONCUR:

_____
CURWOOD WITT, JUDGE


_____
JOE H. WALKER, III, SPECIAL JUDGE